UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DANIEL and DEBORAH EVERTSZ,                            No. 12-11858

                             Debtor(s).
_____/

Memorandum on Application for Compensation
_____

     Rule 3-110(A) of the California State Bar Rules of Professional Conduct requires an attorney to act with competence. Rule 3-110(C) prohibits an attorney from undertaking a case for which the attorney does not have sufficient skill, unless sufficient learning is acquired before the case commences or an experienced attorney is associated. Attorney Lisa E. violated these rules by taking this Chapter 11 case. She now seeks compensation in the amount of $13,594.50 in fees and $1,144.00 in expenses, less her $5,000.00 retainer.

     In her application for employment, counsel represented to the court that she was "well qualified to represent the debtor in proceedings of this matter." This statement was false. As she repeatedly demonstrated throughout the case, she was not qualified to represent a bankruptcy estate in a Chapter 11 case. A review of the court's records shows that she has had 65 cases in this district since 2005, but this is her only Chapter 11. This fact was not disclosed.

     In her scheduling conference statement filed on August 18, 2012, counsel requested a period of

1

120 days for confirmation of a plan. Accepting her request, on August 24, 2012, the court set a deadline for confirmation of December 24, 2012. Counsel completely ignored this order, entered at her request, until December 26 when she filed a plan for the first time. The court eventually granted her additional time, not wishing to harm her clients for counsel's failure, even though conversion would have been appropriate pursuant to § 1112(b)(4)(J) of the Bankruptcy Code.

Counsel's worst blunder involved the disclosure statement. Evidently rattled by her realization that she had missed her own deadline, counsel filed a proof of service on December 28, 2012, stating that on that date she had served a copy of an amended plan and a disclosure statement on all creditors. On December 30, while preparing for a hearing in this case set for February 1, the court saw the proof of service. Since the disclosure statement had not been approved, sending it to creditors was a gross violation of § 1125(b) of the Code and Rule 3017 of the Federal Rules of Bankruptcy Procedure, a very serious mistake. The court directed a law clerk to call counsel and confirm that both the amended plan and unapproved disclosure statement had been served. This call evidently saved counsel's bacon, as her proof of service was false. She now admits that two days after she personally said she had mailed the documents they were still in fact sitting in her office un-mailed. The incident evinces counsel's complete failure to understand the Chapter 11 process as well as a casual regard for the truth of her pleadings.

The court would be justified in vacating its employment order, as it falsely represented that counsel was competent to handle Chapter 11 cases and failed to disclose her lack of Chapter 11 experience. Violation of ethical rules can also result in forfeiture of fees. However, the court notes that the case seems to have ended well for the debtors despite their counsel's lack of competence. The court therefore elects to forego total forfeiture and instead award counsel a lesser amount than she seeks due to her false application, her failure to meet her own deadline, and her false proof of service.

After considering all the factors, the court considers the appropriate amount of counsel's compensation to be $7,000.00, plus costs of $1,144.00, less the $5,000.00 retainer, for a net amount to be paid of $3,144.00. Counsel shall submit an appropriate form of order allowing these amounts. The

2

order shall recite that counsel may not tout this case to judges in future cases as an example of her experience in Chapter 11 matters without attaching a copy of this Memorandum.

Dated: October 14, 2013

                                                   Alan Jaroslovsky
                                                   Chief Bankruptcy Judge

3